Fischer, J.,
concurring in part and dissenting in part.
{¶ 21} I concur fully in the majority’s decision reversing the judgment of the Sixth District Court of Appeals, but I write separately to explain why I do so, despite voting to deny the motion for reconsideration filed by appellant, the state of Ohio.
*283 {¶ 22} Today, we announce two separate and distinct decisions in this case. First, the court grants the state’s motion to reconsider by a four-to-three vote. I dissent and would deny the motion to reconsider. Second, the court, on the merits of the case, reverses the judgment of the court of appeals by a five-to-two vote. I agree with that decision.
{¶ 23} This court’s rules of practice provide that “[a] motion for reconsideration shall not constitute a reargument of the case.” S.CtPrac.R. 18.02(B). Traditionally, this court has used its reconsideration authority to “correct decisions which, upon reflection, are deemed to have been made in error.” State ex rel. Huebner v. W. Jefferson Village Council, 75 Ohio St.3d 381, 383, 662 N.E.2d 339 (1996).
{¶ 24} This court issued a number of decisions at the end of 2016 in which motions for reconsideration were not ripe for review until after the beginning of this year. The timing of these motions places this court in the unusual position of being asked to put itself in the shoes of the previous court to determine whether that court erred in its deliberations to the extent that its decisions need to be corrected. Recognizing that I was not privy to the previous court’s deliberations and respecting the precedent established by that court’s decisions, I have voted to deny all motions asking this court to reconsider decisions issued before I took my seat on the bench.
{¶ 25} Because this court grants the motion for reconsideration in this case, a new question arises that is separate and distinct from the question whether I should vote to grant reconsideration in a case decided by this court before I joined it: once a majority of the court has decided to grant reconsideration in such a case, should I participate in a decision on the merits of that case? I believe that it is my duty to do so.
{¶ 26} Each of the justices of this court has been elected by the citizens of Ohio to participate in the cases before the court. An exception to this duty occurs when one of us feels compelled to disqualify himself or herself. In those cases, a visiting judge is appointed by the chief justice to take the recusing justice’s place in the case.
{¶ 27} No ethical considerations prevent me from ruling on the merits of this case. Moreover, even if a visiting judge were to be appointed in my place in this case, that judge would be in a position identical to mine because he or she would not have participated in the original decision on the merits. As an elected member of this court, I have a duty to participate in this case, and there is no compelling reason for me to do otherwise.
{¶ 28} In a sense, participating in the merits of a decision once a majority of the court votes to reconsider the case is no different from my participating in a case that comes before the court as a jurisdictional appeal that was accepted by the court last year and is scheduled for oral argument this year. Although I did *284 not vote to accept jurisdiction in those cases, I am expected to fully participate in the decisions on the merits, and I have done so (except for those cases in which I have recused myself for other reasons). I have also participated in a decision that dismissed a case on the grounds that it had been improvidently accepted. In that case, my vote to dismiss essentially means that after reconsidering the merits of the case, I determined that the previous court’s decision to accept jurisdiction was in error. My participation in the consideration of the merits in this case is similar.
{¶ 29} For these reasons, despite voting to deny the state’s motion for reconsideration, I have concluded that it is my duty to participate in the merits decision in this case, and I concur in the majority’s decision to reverse the judgment of the court of appeals.